OPINION
On December 27, 2000, plaintiffs, Tracy Ashcraft et al., filed a motion with the Court of Claims of Ohio seeking either a continuance of the scheduled trial date in this matter, or a Civ.R. 41(A)(2) dismissal. On January 3, 2001, the trial court granted plaintiffs' request for a Civ.R. 41(A)(2) dismissal, which provides for the dismissal of an action as follows:
 By order of court. Except as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
Athough the court granted plaintiffs' motion, it did so without allowing defendant, University of Cincinnati Hospital, the opportunity to be heard. Seven days later, on January 10, 2001, the court entered an amended entry. That entry, which was this time issued without allowing the plaintiffs an opportunity to be heard, changed the original Civ.R. 41(A)(2) dismissal to a Civ.R. 41(A)(1) dismissal without prejudice. Specifically, the court stated:
 On January 3, 2001, this court granted plaintiffs' motion for dismissal pursuant to Civ.R. 41(A)(2). On January 3, 2001, defendant filed a motion in opposition to plaintiff's motion for continuance or dismissal and a motion for reconsideration. Upon review of defendant's filings, the court hereby Amends its January 3, 2001, entry as follows: Plaintiff's motion for dismissal is deemed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1) and this case is hereby DISMISSED without prejudice to refile within one year pursuant to R.C. 2305.19.
From this order, plaintiffs appeal raising the following assignment of error:
 The trial court erred to the prejudice of the plaintiff-appellant when it dismissed the plaintiff's case pursuant to Ohio Rule of Civil Procedure 41(A)(2), and, subsequent to journalizing said order, entered an "amending entry" then dismissing the plaintiffs' case pursuant to Civ.R. 41(A)(1).
Likewise, defendant raises its own assignment of error, as follows:
 The trial court erred by granting appellants/cross-appellees' motion for dismissal on January 3, 2001 prior to the expiration of the response time allowed by law.
The two essential elements of procedural due process are notice and an opportunity to be heard. Cleveland Bd. of Edn. v. Loudermill (1985),470 U.S. 532, 546; State v. Edwards (1952), 157 Ohio St. 175, paragraph one of the syllabus, certiorari denied, Edwards v. State of Ohio (1952),343 U.S. 936. To be meaningful, notice must be reasonably calculated under the circumstances to apprise the interested parties of the pendency of the proceeding, and to afford them an opportunity to present their objections. Mullane v. Cent. Hanover Bank Trust Co. (1950), 339 U.S. 306,314. Stated alternatively, notice and the opportunity to be heard is worthless if it is not afforded at a meaningful time and in a meaningful manner. Goldberg v. Kelly (1970), 397 U.S. 254.
In this case, the trial court entered two ex parte orders, both of which violated the due process rights of the parties. As noted, plaintiffs filed their motion for continuance or Civ.R. 41(A)(2) dismissal on December 26, 2000. Although Civ.R. 41(A)(2) places the decision to grant or deny a motion for dismissal within the discretion of the trial court, fundamental fairness requires that the defendant be afforded the opportunity to present its objection to such a motion. Pursuant to Loc.R. 4(C) of the Court of Claims of Ohio, the standard response time afforded opposing parties upon the filing of a motion with the court is fourteen days. Within this time period, counsel for the defendant received, reviewed, and prepared a response to the plaintiffs' motion. However, on January 3, 2001, prior to the expiration of the standard response time, and without notice that the court intended to expedite ruling upon the motion, defense counsel received a call informing her that the trial court had dismissed the case. The trial court's failure to allow the defendant any opportunity to respond to the plaintiffs' motion violated the defendant's due process rights and constituted an abuse of discretion. Accordingly, defendant's assignment of error is sustained, and the trial court's January 3, 2001 entry is vacated.
Similarly, when done without the plaintiffs' consent, and upon the basis of only the defendant's motion for reconsideration, procedural due process prevents the trial court from changing the nature and legal foundation of the plaintiffs' motion from a dismissal pursuant to Civ.R. 41(A)(2), as requested, to a dismissal pursuant to Civ.R. 41(A)(1). Accordingly, plaintiffs' assignment of error is also sustained, and the trial court's entry of January 10, 2001, is vacated as well.
For the foregoing reasons, both plaintiff's assignment of error and defendant's assignment of error are sustained, the judgment of the Court of Claims of Ohio is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
 _____________________ PETREE, J.
BRYANT, P.J., and TYACK, J., concur.